OPINION OF THE COURT
Adam Seiden, J.
A trial was held in this small claims action where the plaintiff seeks to recover damages in the amount of $3,834.28 resulting from defendant’s breach of an installment contract for the *943 purchase of an automobile. The defendant has counterclaimed for $5,000, arguing that plaintiff wrongfully impaired her right to redeem the vehicle by refusing to accept the past due payments she offered.
The credible testimony at trial established that the parties entered into a contract on October 15, 2004 whereby defendant financed her purchase of a 1999 Honda Accord. Installment payments on the contract were to be made bimonthly in the amount of $165.52, with the first payment due on October 29,
2004. On November 1, 2004, the first payment defendant made by check bounced; however, she made two payments on November 15, 2004. Thereafter, the defendant missed the payments due on November 26, December 10, December 24, and January 7.
A representative from plaintiffs company telephoned defendant on January 12, 2005, at which time defendant claimed she would come in and make payments due for the vehicle. The defendant never showed up to make further payments. The plaintiff subsequently had the car repossessed on January 19, 2005.
The plaintiff sent a notice on January 22, 2005 to defendant that the vehicle would be sold at auction. The defendant contended at trial that she then mailed the plaintiff the money to pay the past due payments under the contract, and that she had a right to bring the contract into “current” status and to reclaim the vehicle. The plaintiff refused to accept the outstanding payments, stating that the defendant’s default required that she pay the total amount outstanding under the contract in order to retrieve the vehicle. The car was sold by plaintiff at auction on March 9, 2005, which left a remaining balance of $3,834.28 that the plaintiff now seeks to recover.
The defendant’s sole contention is that she should have been given the right to redeem the vehicle after its repossession by paying the past due installments, rather than the entire amount due under the contract. For the reasons that follow, the court agrees, and declines to award damages to the plaintiff for the deficiency that resulted following the sale of the vehicle.
Although the defendant has cited Personal Property Law § 78 in support of her argument, that statute has been repealed, but its provisions have been substantially reenacted in Personal Property Law § 302. That statute, which applies to “motor vehicle instalment sales,” provides, in relevant part:
*944 “No retail instalment contract shall contain any provisions by which: . . .
“(g) the maturity of any part or all of the amount owing thereon is accelerated where, following the default and the repossession of the motor vehicle, the buyer makes timely tender of an amount which would be sufficient to redeem the vehicle in the absence of such provision.” (Personal Property Law § 302 [13].)
In addition, General Obligations Law § 7-401 (1) states:
“No note or security agreement used in connection with a loan for the purpose of financing the purchase of a motor vehicle, used primarily for personal or household purposes, shall contain any provision for acceleration of payment which would prevent the buyer’s right of redemption pursuant to section three hundred two of the personal property law. Any such provision shall be void but shall not otherwise affect the validity of the note or security agreement.”
Based upon the above statutes, the acceleration clause in the parties’ contract, which states, in relevant part: “Upon the following events of default, you can require that the entire balance of my loan be paid at once, without prior notice or demand: 1.1 do not pay an installment on time . . .’’is void in this instance under General Obligations Law § 7-401 (1). Under the circumstances present here, where the defendant was attempting to redeem her vehicle after repossession, the acceleration of the loan was not permitted. Thus, the plaintiff should have allowed the defendant to redeem the vehicle after repossession by paying the past due amounts on the loan, together with related repossession expenses (Clark v Tri-State Discount Co., 151 Misc 679 [App Term, 2d Dept 1934]).
Since the plaintiff failed to allow the defendant to redeem the vehicle by accepting payment of the past due installments, plus repossession costs, in accordance with the above-cited statutes, the plaintiff’s claim to recover damages in the amount of $3,834.28 for a deficiency after auction sale of the vehicle is denied.
With respect to defendant’s counterclaim, the defendant presented evidence that she put down a down payment of $1,500 *945 on the vehicle. Since the plaintiff in effect deprived the defendant of her right to the redemption of the vehicle, the court awards damages to the defendant in the amount of $1,500, payable by the plaintiff.